# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | CRIMINAL CASE NO. 3:16-CR-00354-L-2 |
| | § | |
| ALBERTO RODRIGUEZ, | § | |
| #54570-177, | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant's Motion for Compassionate Release Under 18 U.S.C. § 3582(c)(1)(A) Due to Extraordinary and Compelling Reasons and the COVID-19 Virus Pandemic (Doc. 143), filed June 5, 2020.  As detailed here, the motion is **denied**.

### I.

In 2018, Defendant pled guilty to possession with intent to distribute a controlled substance and was sentenced to 180 months' imprisonment.  Crim. Doc. 126.  He now seeks release from confinement asserting that he is "an at-risk individual."  Crim. Doc. 143 at 5.  Defendant states that "[h]e has a history of substance abuse with alcohol which can lower a person's immune system, making [him] more susceptible to contracting the virus."  *Id.*

According to the BOP's website, Defendant is 39 years old, has a projected release date of June 4, 2029, and is presently confined at FCI Beaumont Low.  As of June 9, 2020, the BOP's website reported no COVID-19 positive cases among Beaumont Low's inmates, but it noted that

one staff person had tested positive.[1]  Upon review, the court concludes that Defendant is not eligible for a sentence modification.

## II.

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed.  *See* 18 U.S.C. § 3582(c); however, under Section 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the [Bureau of Prisons ("BOP")] or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692-93 (5th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)); *see id.* at 693 n.1.  The court's decision must also be "consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).

Defendant offers no proof that he exhausted his administrative remedies.  Indeed, he does not allege that he attempted to exhaust his administrative remedies by requesting compassionate relief from the BOP and simply requests that the court waive the exhaustion requirement because of the extreme risk that the COVID-19 pandemic presents to Defendant.  Notwithstanding his assertions, Section 3582(c)(1)(A)'s exhaustion requirement is "a glaring roadblock foreclosing compassionate release" where "BOP has not had thirty days to consider [the defendant's] request to move for compassionate release on his behalf" or if "there has been no adverse decision by BOP for [the defendant] to administratively exhaust within that time period." *United States v. Raia*, 954

---

[1]  The  BOP's  inmate  locator  and  COVID-19  cases  websites  are  available  at https://www.bop.gov/inmateloc/ and https://www.bop.gov/coronavirus/ (last accessed on June 9, 2020).

F.3d 594, 597 (3d Cir. 2020); *see also United States v. Miller,* No. 2:17-CR-015-D (02), 2020 WL 2514887, at *1 (N.D. Tex. May 15, 2020).

Moreover, Defendant does not provide specific factual information unique to his own circumstances and/or preexisting medical condition sufficient to excuse his failure to exhaust administrative remedies even considering the exceptional circumstances of the COVID-19 pandemic. *See Raia*, 954 F.3d at 597 ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." (citations omitted)). Thus, the court concludes that Defendant has failed to exhaust his administrative remedies.

Even discounting Defendant's failure to exhaust, the court finds that Defendant has not presented extraordinary and compelling reasons consistent with the Sentencing Guidelines Policy Statement to warrant a reduction of his sentence under Section 3582(c)(1)(A).

> The policy statement sets forth three circumstances that are considered "extraordinary and compelling reasons." Among these are the "medical condition of the defendant," including where the defendant is "suffering from a serious physical or medical condition ... that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."

*Muniz*, 2020 WL 1540325, at *1 (citing and quoting U.S.S.G. § 1B1.13(1)(A) & cmt. n.1).[2]

The court does not downplay Defendant's substance abuse or discount that being confined in a prison makes it more difficult for him or any prisoner to follow official precautions for social

---

[2] Because Section 1B1.13 of the advisory Guidelines has not been amended since the First Step Act widened the availability of compassionate release under Section 3582(c)(1)(A), some district courts have declined to apply this policy statement. *See, e.g., United States v. Gonzales*, No. SA-05-CE-561-XR, 2019 WL 5102742, at *2-3 (W.D. Tex. Oct. 10, 2019); *see also United States v. Perdigao*, Crim. A. No. 07-103, 2020 WL1672322, at *2 (E.D. La. Apr. 2, 2020).

distancing and handwashing while in custody.  Defendant has failed, however, to demonstrate any grounds for compassionate release.  Besides his substance abuse, Defendant does not allege that he suffer from any preexisting medical conditions.  General concerns about COVID-19 without more are simply insufficient to invoke Section 3582(c)(1)(A), especially considering Defendant's relative youth (39) and that there is only one positive case among staff at FCI Beaumont Low and no positive cases among inmates.

In addition, even if there are extraordinary and compelling reasons for a sentence reduction, the court is not persuaded that the Section 3553(a) factors would support Defendant's request for compassionate release.  *See United States v. Chambliss*, 948 F.3d at 692-93. ("[C]ompassionate release is discretionary, not mandatory, and could be refused after weighing the sentencing factors of 18 U.S.C. § 3553(a).").  The court weighs those factors as it did at sentencing.  Defendant is currently incarcerated for possession with intent to distribute a controlled substance.  At sentencing, Defendant was in Criminal History Category I, the advisory guideline range was 240 months, and the court imposed a sentence below the guideline range at 180 months based on the parties' joint motion for variance to avoid unwarranted sentencing disparities.  Based on the record as a whole, the court cannot now conclude that the Section 3553(a) factors would support the relief that Defendant seeks.

III.

For the foregoing reasons, Defendant's Motion for Compassionate Release is **denied**.

**It is so ordered** this 11th day of June, 2020.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge